# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT G. KELLY and JOHN T. DeWALD,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br>STARR INDEMNITY & LIABILITY COMPANY,<br><br>　　　　　　　　　　Defendant. | CASE NO. 15cv2900 JM(RBB)<br><br>ORDER DENYING MOTION TO AMEND |

Pursuant to Fed.R.Civ.P. 15(a), Plaintiffs Scott G. Kelly and John T. DeWald (collectively "Plaintiffs") move to amend the complaint to add additional parties and claims. Starr Indemnity & Liability Company ("Starr") opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court denies the motion to amend.

## BACKGROUND

On December 23, 2015, Starr removed this diversity action from the Superior Court, County of San Diego. The Complaint alleged two claims against Starr for breach of contract and breach of the duty of good faith and fair dealing. The third cause of action for negligence is asserted only against "DOE AGENTS/BROKERS."[1]

---

[1] Doe defendants are not considered for federal pleading purposes. See Navarro Sav. & Loan Ass'n v. Lee, 446 U.S. 458, 460-61 (1980).

The Proposed First Amended Complaint ("PFAC") seeks to add Robert Cohen and Benchmark Commercial Insurance Services (collectively, the "Brokers") as non-diverse parties and add causes of action against them for negligence and breach of fiduciary duty.

Plaintiffs are managing members of John DeWald and Associates, LLC ("JDA"), a real estate development company. (Compl. ¶6). JDA had a business relationship with Kenneth Brehnan ("Brehnan"). Brehnan invested in various real estate projects managed by JDA. Prior to May 2011, Brehnan requested that certain "instruments" in default be paid in full. At that time, however, Brehnan did not request payment for damages and did not take any legal action against JDA.

In November 2011, Plaintiffs allege that Brehnan made a written demand for payment of past-due promissory notes or credit agreements and provided written notice of the claim to Starr. (Compl. ¶11). Plaintiffs then tendered the claim to Starr who had issued a one-year claims-made Directors & Officers liability policy to Plaintiffs for the period of May 18, 2011 to May 18, 2012. On April 12, 2012, Brehnan forwarded a draft complaint to Plaintiffs, threatening to file the complaint if the parties were unable to resolve the dispute.

On May 13, 2012, Starr provided written notice to Plaintiffs that Brehnan's claims were excluded from the policy. Starr explained that the claim was excluded because: (1) the claim was made before the inception of coverage; (2) the insureds had knowledge of the facts giving rise to a potential claim prior to inception of the policy; and (3) the professional services exclusion applied to bar coverage. (Davisson Decl., Exh. B). With respect to the professional services exclusion, Starr explained:

> The coverage provided by Directors & Officers insuring agreements is different from that provided by Errors & Omissions policies issued to defray exposures arising from providing professional services. D&O coverage does not include malpractice coverage. This point is established emphatically by the presence of [the professional services exclusion] in the . . . Policy.

Id. As the claims in the Brehnan complaint allegedly arose from the provision of management services by JDA, Starr concluded that the nature of Brehnan's claim

triggered the professional services exclusion.

On August 9, 2012, Brehnan filed the complaint against JDA. Ultimately, Plaintiffs and Brehnan settled their dispute.

## DISCUSSION

Pursuant to Fed.R.Civ.P. 15(a), Plaintiffs move to amend the complaint to add new parties (Brokers) and new claims (negligence and breach of fiduciary duty). Rule 15, however, does not afford any relief to Plaintiffs. Plaintiffs seek to add non-diverse parties and claims allegedly necessary for them to obtain complete relief.

In order to join parties, Plaintiffs must satisfy the requirements of Rules 19 or 20. Plaintiffs do not cite applicable rules, set forth no pertinent analysis, and simply fail to meet their burden to show that joinder is appropriate under the circumstances. Moreover, the court has not considered the limited analysis set forth by Plaintiffs for the first time in their reply brief. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (affirming district court decision to reject points raised for the first time in reply brief).

The motion to amend is denied.

**IT IS SO ORDERED.**

DATED: September 1, 2016

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties